IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FCA US LLC, | |
| Plaintiff, | Case No. 25-cv-09562 |
| v. | **Judge Jorge L. Alonso** |
| CHENWANGSHENG-US, et al., | **Magistrate Judge Daniel P. McLaughlin** |
| Defendants. | |

### MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37

Pursuant to Fed. R. Civ. P. 37, Plaintiff FCA US LLC ("Plaintiff") moves this Honorable Court for sanctions against to Defendants BACKYARD TOOL HOUSE (Def. No. 66) and carlights (Def. No. 68) (collectively, "Defendants").

### BACKGROUND AND LOCAL RULE 37.2 CERTIFICATION

Plaintiff filed this action on August 12, 2025. [1]. On August 18, 2025, the Court entered a Temporary Restraining Order [23] ("TRO") authorizing Plaintiff to issue expedited discovery pursuant to Rules 33, 34, and 36, and ordering Defendants to respond within five business days of receipt. [23], ¶ 3[1]. Plaintiff served Defendants with Plaintiff's First Set of Interrogatories ("Interrogatories"), First Set of Requests for Admissions ("RFAs"), and First Set of Requests for Production ("RFPs") (collectively, "Plaintiff's Discovery Requests") on August 25, 2025. Declaration of Berel Y. Lakovitsky ("Lakovitsky Decl."), ¶ 3.

Defendants' responses to Plaintiff's Discovery Requests were due by September 1, 2025. *See* [23], ¶ 3. Despite being represented by counsel since August 26, 2025, Defendants did not respond to Plaintiff's Discovery Requests. Lakovitsky Decl., ¶ 5.

---

[1] The TRO was subsequently converted to a Preliminary Injunction [35]. [35], ¶ 3.

Even though they were properly served, had actual notice of the case, and were represented by counsel, Defendants ignored these proceedings. Accordingly, the Court entered a Default Judgment Order [55] against Defendants. Nearly a month later, Defendants moved to vacate the Default Judgment Order [55]. [63]; [66]. The Court granted Motions [63] and [66], and ordered Defendants to respond to the Complaint by November 3, 2025. [68]. Defendants filed their Motion to Dismiss [70] and Motion to Modify Preliminary Injunction [72], which made unsupported assertions regarding their sales, contacts with Illinois, and ability to view or receive the Plaintiff's e-mails. *See* [71]; [73].

Plaintiff advised Defendants' counsel that the deadline to respond to Plaintiff's Discovery Requests had passed, and the parties held a Local Rule 37.2 meet-and-confer conference on November 6, 2025. Lakovitsky Decl., ¶ 6. Defendants agreed to provide responses to Plaintiff's Discovery Requests by November 10, 2025. *Id.*, ¶ 7. Defendants failed to respond to Plaintiff's Discovery Requests by November 10, 2025, and have still not responded. *Id.*, ¶ 8.

Pursuant to Local Rule 37.2, Plaintiff certifies that the movant has in good faith attempted to confer with the party failing to act in an effort to obtain the responses without court action.

## ARGUMENT

### I. RULE 37 SANCTIONS ARE WARRANTED

Rule 37 provides that a court may order sanctions "[i]f a party … fails to obey an order to provide or permit discovery … the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Here, the Court authorized Plaintiff to issue Plaintiff's Discovery Requests, and ordered Defendants to respond within five days of receipt. [23], ¶ 3. Defendants were served with Plaintiff's Discovery Requests on August 25, 2025, but have failed to respond. *See* Lakovitsky Decl., ¶¶ 3-8. As such, the Court may sanction Defendants. Fed. R. Civ. P.

2

37(b)(2)(A); *see also Langley by Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997) (Rule 37 sanctions proper even without an order compelling compliance).

Sanctions "are proper upon a finding of willfulness, bad faith, or fault on the part of the noncomplying litigant." *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 671 (7th Cir. 1996). Defendants did not request additional time, or justify their lack of response. Defendants are not free to unilaterally decide what orders to disregard, as "lawyers and parties must obey court orders, even those that are (or lawyers think are) invalid and incorrect." *United States v. Funds in the Amount of $574,840*, 109 F. Supp. 3d 1043, 1046-47 (N.D. Ill. 2015). Further, "[j]udges must be able to enforce deadlines. Doing so means the use of sanctions, even severe ones such as default, when parties ignore the ongoing proceedings[.]" *Patterson v. Coca-Cola Bottling Co.*, 852 280, 283 (7th Cir. 1998). Sanctions are particularly appropriate here because Defendants are "gaming the system" by filing documents, creating the need to conduct discovery, and then refusing to produce any documents or provide any information, in violation of the Court's Order [35] and the Federal Rules of Civil Procedure. *See Webb v. CBS Broadcasting, Inc.*, 2010 WL 2104179 (N.D. Ill. May 25, 2010) (requiring party to show cause why they should not be barred from presenting evidence after that party failed to meet discovery deadlines and had "not produced a single document in response to any of [movant's] requests"). As such, Rule 37 sanctions are warranted.

## II. THE COURT SHOULD DEEM THAT PERSONAL JURISDICTION AND THE SCOPE OF THE ASSET RESTRAINT ARE PROPER

Rule 37 grants the Court broad authority to issue a variety of sanctions. Fed. R. Civ. P. 37(b)(2)(A). *See, e.g.,* Order, *Rimowa GmbH v. The P'ships, et al.*, No. 21-cv-04865 (N.D. Ill. Jan. 26, 2022), No. 88 (denying defendants' motion to dismiss as a sanction for failing to respond to discovery requests); Order, *Nike, Inc. v. The P'ships, et al.*, No. 23-cv-01497 (N.D. Ill. Apr. 20, 2023), No. 36 (striking defendant's motion to dismiss and dissolve the restraining order as a

3

sanction for failing to respond to discovery requests); Order, *Dyson Technology Limited v. The P'Ships, et al.*, No. 21-cv-06103) (N.D. Ill. July 25, 2022), No. 51 (striking defendant's Answer as a sanction for failing to respond to discovery). This includes "directing that … designated facts be taken as established for purposes of the action, as the prevailing party claims" and "prohibit[t] the disobedient party from supporting … defenses." Fed. R. Civ. P. 37(b)(2)(A)(i)-(ii).

In their Motion to Modify Preliminary Injunction [72], Defendants challenge the scope of the asset restraint imposed by the Preliminary Injunction [35] by claiming the "assets held by the Defendants that are attributable to the purported infringement would be the $164.53 for carlights and $133.19 for Backyard Tool House." [73], 5. In their Motion to Dismiss [70], Defendants argue the Court lacks personal jurisdiction over them because "the sole sale in Illinois was the 'test buy' made by the Plaintiff." [73], 13. Defendants also argue that service was improper, suggesting there was a "likelihood that an e-mail sent from the United States with a link to a foreign language (potentially blocked by the Great Firewall) website would be rejected by the Great Firewall or the recipients' e-mail filter[.]" *Id.*, 12. Both Motions repeatedly refer to "accompanying affidavits" that were not filed with the Motions, and still have not been filed.

Neither of the Motions offer any support for Defendants' assertions, and "merely saying something is so does not make it so." *Nat'l Van Lines v. First Nat'l Van Lines, Inc.*, 2023 U.S. Dist. LEXIS 89751, at *5 (N.D. Ill. May 23, 2023). Moreover, the Motions' repeated references to affidavits that have not been filed demonstrates that Defendants are aware they are required to produce evidence but still did not. Plaintiff's Discovery Requests specifically sought relevant information and documents that would test the veracity and basis of Defendants' representations. *See* Ex. 1, Lakovitsky Decl. Defendants knew Plaintiff needed the information before its November 24, 2025 response deadline, and agreed they would produce it, yet provided nothing.

4

Their "discovery failure was strategic." *In re Pramod Patel*, 618 B.R. 250, 258 (Bankr. N.D. Ill. 2020). Defendants "cannot take advantage of [their] own wrong." *Hamilton-Brown Shoe Co. v. Wolf Bros. & Co.*, 240 U.S. 251, 261 (1916).

Accordingly, the Court should deny or strike Motions [70] and [72]. *See Sony Interactive Entertainment LLC v. P'ships, et al.*, No. 25-cv-07391 (N.D. Ill. Nov. 24, 2025), No. 72; *see also Rimowa*, No. 21-cv-04865, No. 88; *Nike*, No. 23-cv-01497, No. 36. Alternatively, a finding that the Court has personal jurisdiction over Defendant "is warranted to ensure that [Defendants] [do] not benefit from his willful noncompliance with discovery orders, which has hampered Plaintiffs' ability to respond to [their] arguments against personal jurisdiction." *Sirazi v. Gen. Mediterranean Holding, SA*, 2013 WL 12625042, at *3 (N.D. Ill. Feb. 27, 2013); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982)). Likewise, a finding that the scope of the asset restraint is proper. *See* Order, *Harley-Davidson Motor Company, Inc. v. The P'ships, et al.*, No. 24-cv-06656 (N.D. Ill. July 16, 2025), No. 85. Alternatively, Defendants should be precluded from supporting their challenge to the asset restraint. *See id*.

In addition, the Court should also order Defendants to pay Plaintiff's reasonable expenses, including attorney's fees, for necessitating this Motion. Fed. R. Civ. P. 37(b)(2)(C).

## **CONCLUSION**

Defendants' refusal to respond to court ordered discovery warrants sanctions under Rule 37. Defendants should not be permitted to "game the system" by filing documents that necessitate discovery and then refusing to provide. For the foregoing reasons, the proper sanction is to deny or strike Motions [70] and [72], or for the Court to find that it has personal jurisdiction over Defendants and that the scope of the asset restraint is proper.

Dated this 25th day of November 2025.     Respectfully submitted,

/s/ Allyson M. Martin
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Berel Y. Lakovitsky
Hannah A. Abes
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
blakovitsky@gbc.law
habes@gbc.law

*Counsel for Plaintiff FCA US LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of November 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of Electronic Filing" to all attorneys of record in this case.

/s/ Allyson M. Martin
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Berel Y. Lakovitsky
Hannah A. Abes
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
blakovitsky@gbc.law
habes@gbc.law

*Counsel for Plaintiff FCA US LLC*
